IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


RAYMOND DOUGLAS HARDY                                              PLAINTIFF


v.                                    Civil No. 1:26-cv-01019


CAPTIAN LISA WORLEY
and SHERIFF RICKY ROBERTS                                          DEFENDANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Raymond Douglas Hardy, currently an inmate of the Union County Detention Center ("UCDC") filed this action pursuant to 42 U.S.C. § 1983.   This is a civil rights action filed under 42 U.S.C. § 1983.  The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned.  *See* 28 U.S.C. § 636(c).  Accordingly, for the purpose of preservice review pursuant to 28 U.S.C. § 1915A(a), the case will automatically be reassigned to a United States District Judge and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3).

The case is currently before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a).  Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.      BACKGROUND**

Plaintiff filed his Complaint on April 16, 2026, along with an application to proceed *in*

1

*forma pauperis* ("IFP").   (ECF Nos. 1-2).   Plaintiff was granted IFP status on the same day. (ECF No. 3).   In his Complaint, Plaintiff names two Defendants: (1) Captain Lisa Worley of the UCDC; and (2) Sheriff Ricky Roberts of Union County.   (ECF No. 1).   Plaintiff alleges one claim in his Complaint against each Defendant: that Defendant Worley and Defendant Roberts improperly handled his "legal mail" on one occasion in June 2024.   *Id.* at 4-5.   Plaintiff specifically states:

> Captain Lisa Worley Answered mail that wasn't sent to her.   A good faith motion was sent to District Courts and Captain Lisa Worley Answered it when it was not address to her it was sent to district court.   I was injured cause it was legal mail. That wasn't address to her and address to different people and not to her.

(ECF No. 1, pp. 4-5) (errors in original).   Plaintiff then states in his claim against Defendant Roberts:

> Captain Lisa Worley answered mail that wasn't address to her.   She returned with I was asking District for which the letter wasn't address to her returned it on a letter head stating Ricky Robert Union County Letter head bringing the Sheriff into this matter and sign it jail administrator when she was not yet I was injured when she answered mail that was not address to her my legal mail.   That was address to some where else.

(ECF No. 1, p. 6).   Plaintiff also asserts official capacity claims against both Defendants requesting the post master general be informed of Defendants actions and he be awarded monetary damages.   (ECF No. 1, pp. 5, 7).

## II.   APPLICABLE STANDARD

Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendants acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution.   *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).   Furthermore, the deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under section 1983.   *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).   Lastly, Defendants must have been personally involved and caused the violation alleged.   "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.   To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights."   *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)).   Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action.   *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.   *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    DISCUSSION

Plaintiff has failed to state any cognizable constitutional claims in his Complaint.   Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).   The Court will consider well plead factual allegations in the Amended Complaint as true and construe all reasonable inferences from the pleadings in favor of the non-moving party.   *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).   However, while the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims.   *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff has failed to state a cognizable constitutional violation related to his mail against either Defendant.[1]   The mail at issue does not qualify as legal mail requiring constitutional protections.   In *Wolff v. McDonnell*, 418 U.S. 539, (1974), the Supreme Court concluded that

---

[1] As Plaintiff focuses on the status of his mail as legal mail, the Court does not interpret Plaintiff's Complaint to assert any First Amendment claims regarding the ability to send and receive mail. *See generally, Turner v. Safley,* 482 U.S. 78 (1987) (inmates have a First Amendment right to receive mail, but that right may be limited by prison regulations that are reasonably related to legitimate penological interests).

4

prison officials may open and inspect a prisoner's mail outside his presence unless the mail is privileged legal mail. *Id.* at 576-77. Thus, the threshold question for the Court is whether correspondence to or from the United States District Court is privileged legal mail. This Court finds it is not.

Privileged legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Other District Courts have found mail that is related to legal matters, but not sent from the inmate's attorney, does not constitute "legal mail" as defined in *Gardner. See Barron v. Jones*, No. 3:20-CV-00311-DPM-PSH, 2020 WL 6200187 at * 2 (E.D. Ark. Oct. 22, 2020) ("Mail to and from a court or opposing counsel does not fall under this narrow definition of privileged legal mail and, therefore, may be opened outside of the inmate's presence."), *report and recommendation adopted by* 2020 WL 6750353 at *1 (E.D. Ark. Nov. 17, 2020), *see also Moore v. Rowley*, 126 F. App'x 759, 760 (8th Cir. 2005) (per curiam) (concluding that prisoner had no constitutional right to have his bankruptcy petition mailed without first being inspected). Plaintiff has not alleged any facts to indicate the subject mail was privileged mail from his attorney. Accordingly, the Court finds Plaintiff has not established a constitutional violation regarding the opening or responding to mail, to or from the United States District Court.

Finally, all official capacity claims asserted by Plaintiff against any Defendant must fail as a matter of law. Under Section 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official capacities. The type of conduct that is actionable and the type of defense available depend on whether the claim is asserted against a defendant in his official or individual capacity. *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted). "Claims against

5

individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Id.* Here, that means Plaintiff needed to allege a policy, procedure, or custom of Union County caused his alleged constitutional violations. Plaintiff has failed to do so here as he has not alleged any facts regarding the policy, procedures, or customs of Union County, nor has he stated a cognizable constitutional violation.

## IV. CONCLUSION

For these reasons, it is recommended the case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1); and that Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g).

**Referral Status: Referral in this case should terminate at the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this **15th day of May 2026.**

/s/ *Spencer G. Singleton*
HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE

6