IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RAYMOND DOUGLAS HARDY                                                        PLAINTIFF


v.                                          Case No. 1:26-cv-01019


CAPTAIN LISA WORLEY; and
SHERIFF RICKY ROBERTS                                                        DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed on May 15, 2026, by the

Honorable Spencer G. Singleton, United States Magistrate Judge for the Western District of

Arkansas.  ECF No. 8.  Judge Singleton conducted a preservice screening of Plaintiff Raymond

Douglas Hardy's Complaint and now recommends that the Court dismiss the case pursuant to 28

U.S.C. § 1915A(b)(1).  Plaintiff objects.  ECF No. 9.

## I.  BACKGROUND

Plaintiff, an inmate at the Union County Detention Center ("UCDC"), filed this lawsuit on

April 16, 2026, pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff claims that Defendants Captain

Lisa Worley and Sheriff Ricky Roberts interfered with his legal mail.  *Id.* at 4-6.  Specifically,

Plaintiff alleges that Defendant Worley answered "[a] good faith motion" that was "sent to District

Courts."  *Id.* at 4.  Plaintiff further alleges that Defendant Worley answered the "mail that wasn't

address to her" and "returned [what Plaintiff] was asking [the] District [Court] for . . . on a letter

head stating Ricky Roberts Union County Letter Head."  *Id.* at 6.  Plaintiff claims that this fact

"bring[s] the Sheriff [Defendant Roberts] into this matter."  *Id.*  Plaintiff alleges that he was injured

when Defendant Worley "answered mail that was not address to her my legal mail."  *Id.*  Plaintiff

asserts official capacity claims against both Defendants. *Id.* at 5. He requests twenty million dollars in monetary damages and that the postmaster general "be informed." *Id.* at 7, 9.

Judge Singleton conducted a preservice screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a) and issued the instant Report and Recommendation. Judge Singleton recommends that the Court dismiss Plaintiff's Complaint because the opening of mail to and from United States District Courts does not give rise to a constitutional violation. ECF No. 8, at 4. Plaintiff objects. ECF No. 9.

## II.  DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.1(VII)(B). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). A "clearly erroneous" standard of review applies to the portions of a magistrate judge's report and

recommendation to which no objections have been made.  *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72 advisory committee's note, subd. (b) (instructing a reviewing court to "satisfy itself that there is no clear error on the face of the record").

On May 27, 2026, Plaintiff filed timely objections.  ECF No. 9.  Plaintiff's objections do not engage with Judge Singleton's findings and recommendations or show any error of fact or law therein.  Plaintiff restates that his "good faith motion" was addressed to the District Court "and not to Captain Lisa Worley."  *Id.* at 1.  Plaintiff states that he "can prove" that Defendant Worley answered a "letter that wasn't address[ed] to her."  *Id.* at 2.  However, Plaintiff does not allege that the letter which Defendants Worley and Roberts opened was privileged legal mail.[1]  *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (defining privileged legal mail as "mail to or from an inmate's attorney and identified as such").  Plaintiff also does not allege any facts establishing that a policy, procedure or custom of UCDC caused his alleged constitutional violation.  *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (explaining that claims against individuals in their official capacities are equivalent to claims against the entity for which they work and require proof that a policy or custom of that entity violated a plaintiff's rights).

In the absence of specific objections, the Court finds no clear error on the face of the record with respect to Judge Singleton's recommendations and will adopt them.  *See Grinder*, 73 F.3d at 795.

---

[1] The Court also finds that Plaintiff failed to state a First Amendment access to the courts claim because he does not allege that Defendants' actions prevented him from "litigat[ing] a claim challenging [his] sentence or conditions of confinement in a court of law, which resulted in an actual injury."  *See Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (defining actual injury as "the hindrance of a nonfrivolous and arguably meritorious underlying legal claim").

### III.   CONCLUSION

Accordingly, the Court finds that the Report and Recommendation (ECF No. 8) should be and hereby is **ADOPTED** *in toto*.  This case is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 5th day of June, 2026.

/s/ John Thomas Shepherd
John Thomas Shepherd
United States District Judge

4